UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NANCY COBURN, | ) | Case No. 2:10-CV-03080 JAM-KJN |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION TO DISMISS |
| v. | ) | |
| | ) | |
| THE BANK OF NEW YORK MELLON, | ) | |
| N.A.; FIRST HORIZON HOME LOAN | ) | |
| CORPORATION; QUALITY LOAN | ) | |
| SERVICE CORPORATION; MORTGAGE | ) | |
| ELECTRIC REGISTRATION SYSTEMS, | ) | |
| INC.; and DOES through 50, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendants Bank of

New York Mellon ("BONY"), First Tennessee National Bank, N.A.,

successor in interest to First Horizon Home Loan Corporation

("First Horizon"), and Mortgage Electric Registration Systems,

Inc.'s ("MERS"), (collectively "Defendants"), Motion to Dismiss

and Motion to Strike Portions of Plaintiff Nancy Coburn's

("Plaintiff") Complaint (Doc. #7).   Plaintiff opposes the

motions (Doc. #10).[1]

_____

[1] This motion was determined to be suitable for decision without
oral argument.  E.D. Cal. L.R. 230(g).

I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 23, 2005, Plaintiff and First Horizon entered into a home loan transaction for $904,000.  The loan was memorialized in a Promissory Note secured by a Deed of Trust.  The Deed of Trust listed MERS as the designated nominee beneficiary.  The loan was modified in October 2006 to include an additional tract of land within the boundaries of the property.

In November 2008, Plaintiff told First Horizon that due to a reduction in income, she would be unable to meet the terms of her loan repayment schedule.  Plaintiff claims that First Horizon told Plaintiff that they could not help her modify the loan until she became delinquent on the loan.  Plaintiff hired a private company to help her modify the loan but was unable to do so.  Quality Loan Service Corporation ("Quality Loan") recorded a notice of Plaintiff's default under the Deed of Trust in the public records of Placer County on September 16, 2009.  Plaintiff claims she never received a copy of the Notice of Default.

On October 19, 2009, MERS assigned the Deed of Trust to BONY.  On May 25, 2010 BONY substituted Quality Loan as trustee.  Plaintiff claims that the Notice of Default filed by Quality Loan is void because Quality Loan was not the trustee at the time the Notice of Default was filed.  The property was sold on August 3, 2010, but the sale was later rescinded.

Plaintiff filed her Complaint in the Superior Court of Placer Country on October 15, 2010.  In the Complaint, Plaintiff alleged six state causes of action: (1) Deceit; (2) Civil Conspiracy; (3) Negligence; (4) Unlawful/Unfair Business

1  Practices, Violations of California Business & Professions Code

2  ("UCL") § 17200, et seq.; (5) Failure to Explore Foreclosure

3  Avoidance, Violation of California Civil Code § 2923.5; and

4  (6) Declaratory and Injunctive Relief.  Plaintiff obtained a

5  temporary restraining order against foreclosure.  The Complaint

6  was removed to this Court on November 15, 2010 based on

7  diversity jurisdiction.

8

9                          II.   OPINION

10      A.    Legal Standard

11            1.    Motion to Dismiss

12      A party may move to dismiss an action for failure to state

13  a claim upon which relief can be granted pursuant to Federal

14  Rule of Civil Procedure section 12(b)(6).  In considering a

15  motion to dismiss, the court must accept the allegations in the

16  complaint as true and draw all reasonable inferences in favor of

17  the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1975),

18  overruled on other grounds by Davis v. Scherer, 468 U.S. 183

19  (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that

20  are mere "legal conclusions," however, are not entitled to the

21  assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950

22  (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

23  (2007).  To survive a motion to dismiss, a plaintiff needs to

24  plead "enough facts to state a claim to relief that is plausible

25  on its face."  Twombly, 550 U.S. at 570.  Dismissal is

26  appropriate where the plaintiff fails to state a claim

27  supportable by a cognizable legal theory.  Balistreri v.

28  Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

1    Upon granting a motion to dismiss for failure to state a

2    claim, the court has discretion to allow leave to amend the

3    complaint pursuant to Federal Rule of Civil Procedure § 15(a).

4    "Dismissal with prejudice and without leave to amend is not

5    appropriate unless it is clear . . . that the complaint could

6    not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon,

7    Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

8            2.   Motion to Strike

9    Rule 12(f) provides in pertinent part that

10       the Court 'may order stricken from any pleading any
         insufficient defense or any redundant, immaterial,
11       impertinent, or scandalous matter.' Motions to strike
         are disfavored and infrequently granted. A motion to
12       strike should not be granted unless it is clear that
         the matter to be stricken could have no possible
13       bearing on the subject matter of the litigation.

14
     Bassett v. Ruggles, et al., No. CV-F-09-528, 2009 WL 2982895, at
15
     *24 (E.D. Cal. Sept. 14, 2009) (internal citations omitted).
16
         B.   Judicial Notice
17
     Defendants request judicial notice of the Deed of Trust,
18
     Loan Modification Agreement, Assignment of the Deed of Trust,
19
     Assignment of Substitution of Trustee, Notice of Trustee's Sale,
20
     Notice of Default, and Election to sell under deed of trust.
21
     (Defs.' Req. for Judicial Notice, Exhs. 1, 2, 3, 4, 5, & 6)
22
     (Doc. #7-1). Plaintiff does not object to Defendants' request.
23
     Courts may consider extrinsic evidence when "plaintiff's
24
     claim depends on the contents of a document, the defendant
25
     attaches the document to its motion to dismiss, and the parties
26
     do not dispute the authenticity of the document. . . ." Knievel
27
     v. ESPN, 393 F.3d 1069, 1076 (9th Cir. 2005). Accordingly, the
28
     Court GRANTS Defendants' request for judicial notice pursuant to

                                  4

1    Federal Rule of Evidence 201.

2         C.   Claims for Relief

3              1.   Claim 1: Deceit

4         Defendants argue that Claim 1, alleging deceit, is not a

5    claim supportable by a cognizable legal theory.  Plaintiff

6    responds that she pleads sufficient facts to constitute an

7    action for deceit and asks for leave to amend if the Court finds

8    the pleading insufficient.

9         Deceit is defined as the "suppression of a fact, by one who is

10   bound to disclose it, or who gives information of other facts which

11   are likely to mislead for want of communication of that fact."

12   Cal. Civ. Code § 1710.  In essence, deceit is a fraud claim.  See

13   e.g. Diaz v. Federal Express Corp., 373 F.Supp.2d 1034, 1066-1067

14   (C.D. 2005) (treating a claim under Section 1709 as a fraud claim).

15   A claim of fraud must contain the following elements: (a) a

16   misrepresentation; (b) knowledge of falsity; (c) intent to defraud;

17   (d) justifiable reliance; and (e) resulting damage.  In re Estate

18   of Young, 160 Cal.App.4th 62, 79 (Cal. Ct. App. 4d 2008).

19   "Averments of fraud must be accompanied by the who, what, when,

20   where, and how of the misconduct charged."  Vess v. Ciba-Geigy

21   Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations

22   omitted).  See also Fed. R. Civ. P. 9(b).  The allegations must be

23   "specific enough to give defendants notice of the particular

24   misconduct which is alleged to constitute the fraud charged so that

25   they can defend against the charge and not just deny that they have

26   done anything wrong."  Semegen v. Weidner, 780 F.2d 727, 731 (9th

27   Cir. 1985).

28        The Complaint does not allege deceit with the requisite

5

1  particularity.  Plaintiff alleges that MERS lacked the power to
2  assign the Deed of Trust to BONY because MERS was not the owner of
3  the mortgage or holder of the Note.  Plaintiff also alleges that
4  BONY knew that it did not have the right to pursue any foreclosure
5  related activity but purported to be the beneficiary under the Deed
6  of Trust in an attempt to deceive the Plaintiff.  However, MERS had
7  authority to assign its beneficial interest to another party. See
8  Pok v. American Home Mortgage Servicing Inc., No. CIV 09-2385, 2010
9  WL 476674, at *4 (E.D. Feb. 3, 2010)(holding that as the listed
10 nominee and beneficiary MERS had authority to assign its interest
11 to another party).  Plaintiff also claims that the Defendants
12 committed deceit because BONY had not been assigned the Deed of
13 Trust at the time the Notice of Default was recorded.  However, the
14 Notice of Default does not list BONY as the beneficiary.  Instead,
15 Quality Loan recorded the Notice of Default in its capacity as an
16 agent.  See Cal. Civ. Code § 2924(a)(1).  These allegations do not
17 state how the Defendants knowingly misrepresented themselves, what
18 is false or misleading about their statements, where and when these
19 statements occurred, and why they are false.
20      Plaintiff includes an allegation in her Opposition that MERS
21 violated California Civil Code § 1095 when assigning the Deed of
22 Trust to BONY.  Section 1095 requires that "[w]hen an attorney in
23 fact executes an instrument transferring an estate in real
24 property, he must subscribe the name of his principal to it, and
25 his own name as attorney in fact."  Cal. Civ. Code § 1095.
26 Defendants argue that Section 1095 does not apply because the
27 assignment of the Deed of Trust was not accomplished by way of a
28 power of an attorney and the beneficial interest is a security

1   interest and not an estate in the property itself.  The Court finds

2   that section 1095 does not apply because the assignment of the Deed

3   of Trust was signed by Wanda Collier, an assistant secretary at

4   MERS, and not by an attorney.

5        Finally, Plaintiff fails to plead reliance.  She claims that

6   "as a proximate result of the Defendants' fraudulent conduct . . .

7   Plaintiff is now subject to onerous foreclosure proceedings."

8   Compl. ¶ 81.  However, the Complaint does not include allegations

9   which explain how Plaintiff relied to her detriment on any of

10  defendants' misrepresentations and Plaintiff does not state the

11  amount of damages purportedly suffered by this reliance.

12  Accordingly, Defendants' motion to dismiss Claim 1 is GRANTED WITH

13  LEAVE TO AMEND.

14            2.  <u>Claim 2: Civil Conspiracy</u>

15       Defendants argue that Plaintiff does not plead Claim 2,

16  alleging civil conspiracy, with particularity.  In this second

17  cause of action, Plaintiff incorporates by reference all prior

18  causes of actions and alleges in a conclusory fashion that

19  Defendants agreed to take actions that violated federal law and

20  various common law duties in order to maximize their financial

21  benefit.

22       A conspiracy is not an independent cause of action, but is

23  instead "a legal doctrine that imposes liability on persons who,

24  although not actually committing a tort themselves, share with the

25  immediate tortfeasors a common plan or design in its perpetration."

26  <u>Applied Equipment Corp. v. Litton Saudi Arabia Ltd.</u>, 7 Cal. 4th

27  503, 510-11 (Cal. 1994).  To plead civil conspiracy, Plaintiff must

28  plead an independent tort upon which to base the claim.

1  Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.,

2  122 F.3d 1211, 1228 (9th Cir. 1997).  Liability for civil

3  conspiracy generally requires three elements: (1) the formation and

4  operation of the conspiracy, (2) wrongful conduct in furtherance of

5  the conspiracy, and (3) damages arising from the wrongful conduct.

6  Kidron v. Movie Acquisition Corp., 40 Cal.App.4th 1571, 1581 (Cal.

7  Ct. App. 2d 1995).

8       Plaintiff argues that Defendants' actions violated federal law

9  and various common law duties, but she does not properly plead the

10 existence of an independent tort upon which to base the conspiracy

11 claim.  Plaintiff also does not provide sufficient facts to satisfy

12 the elements of civil conspiracy.  Plaintiff alleges that

13 Defendants' "intentional misrepresentations, deceit, and/or

14 concealment of material facts known to them . . . depriv[ed]

15 Plaintiff of her property or legal rights." Compl. ¶ 90.  Plaintiff

16 does not allege, among other things, how the conspiracy was formed,

17 what unlawful actions were performed pursuant to the conspiracy,

18 and how these actions were coordinated.  Plaintiff also does not

19 state what damages she suffered as a result of the alleged wrongful

20 conduct.  Accordingly, Defendants' motion to dismiss Claim 2

21 alleging civil conspiracy is GRANTED WITH LEAVE TO AMEND.

22            3.   Claim 3: Negligence

23      Plaintiff alleges both statutory and common law negligence.

24 Defendants argue that Claim 3 fails to identify the subsection of

25 California Civil Code § 2924 that was violated and that there was

26 no duty owed to the Plaintiff.  Plaintiff fails to address

27 Defendants' arguments and simply argues that she pleads sufficient

28 facts to constitute an action for negligence and asks for leave to

1    amend if the Court finds insufficient pleading.

2        To plead a cause of action for negligence, a plaintiff must

3    show "(1) a legal duty to use reasonable care; (2) breach of that

4    duty, and (3) proximate cause between the breach and (4) the

5    plaintiff's injury."  Mendoza v. City of Los Angeles, 66

6    Cal.App.4th 1333, 1339 (Cal. Ct. App. 2d 1998).  "[F]inancial

7    institutions owe no duty of care to a borrower when the

8    institution's involvement in the loan transaction does not exceed

9    the scope of its conventional role as a mere lender of money."

10   Nymark v. Heart Federal Savings & Loan Ass'n, 231 Cal.App.3d 1089,

11   1096 (Cal. Ct. App. 3d 1991).  Therefore, "[l]iability to a

12   borrower for negligence arises only when the lender actively

13   participates in the financed enterprise beyond the domain of the

14   usual money lender."  Wagner v. Benson, 101 Cal.App.3d 27, 35 (Cal.

15   Ct. App. 4d 1980) (internal citations omitted).

16       Plaintiff bases her statutory negligence claim on the

17   contention that the assignment of the Note and Deed of Trust

18   violated California Civil Code §§ 2923.5 and 2924.[2]   The Complaint

19   does not explain how the foreclosure process violated any specific

20   provision of Civil Code § 2924.  See, e.g., Nansyvong Somsanith v.

21   Bank of America, No. S-09-1791, 2009 WL 3756693, at *6 (E.D. Cal.

22   Nov. 6, 2009) (dismissing section 2924 claim because Plaintiff did

23   not identify the specific subsection that defendants allegedly

24   violated).

25       Plaintiff also fails to sufficiently plead the formation of a

26   legal duty in her common law negligence claim.  Plaintiff cites no

27

28   _____
     [2] The California Civil Code § 2923.5 violation was pled as
     Plaintiff's fifth cause of action.  It is discussed and dismissed
     with prejudice infra.

                                    9

authority for the proposition that Defendants owed a duty not to cause Plaintiff harm in their capacity as lender, trustee, and nominee beneficiary of the Deed of Trust.  Plaintiff does not explain how Defendants exceeded their conventional roles as lender, trustee, and nominee beneficiary of the Deed of Trust.  Plaintiff also fails to allege how the Defendants breached their duty to the Plaintiff and what actual damages she suffered as a result of the Defendants' negligence.  Accordingly, Defendants' motion to dismiss Claim 3 alleging negligence is GRANTED WITH LEAVE TO AMEND.

>        4.   Claim 4: Violation of the Unfair Competition Law
>             § 17200

Defendants argue that Plaintiff does not plead Claim 4, alleging violations of California Business and Professions Code ("UCL") § 17200, with particularity.  Defendants also argue that Plaintiff lacks standing because she failed to plead damages capable of restitution.  Plaintiff states that she incorporates by reference all prior causes of actions and argues that the Complaint asks for damages for placing Plaintiff into a fraudulent loan.

California Business and Professions Code § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Cel-Tech Communications, Inc. v. L.A. Cellular Telephone Co., 20 Cal. 4th 163, 180 (Cal. 1999) (internal quotations omitted).  The facts supporting the statutory elements of the UCL violation must be pled with reasonable particularity.  Khoury v. Maly's of Cal. Inc., 14 Cal.App.4th 612, 619 (Cal. Ct. App. 2d 1993).

Plaintiff's allegation that Defendants' acts constitute unlawful, unfair, and fraudulent business practices is a conclusory statement devoid of facts and it fails to meet heightened, or even standard, pleading requirements.  Additionally, Plaintiff incorporates by reference all prior causes of actions; however none of Plaintiff's causes of actions, as discussed supra, are sufficiently pled.  Plaintiff's Complaint therefore lacks a predicate "unlawful" action underlying her UCL claim.  Similarly Plaintiff fails to allege with reasonable particularity "unfair" or "fraudulent" behavior by Defendants.  Plaintiff also does not state how she lost money or property as a result of the Defendants' alleged conduct.  Plaintiff fails to allege any harm caused by the allegedly unlawful conduct because Plaintiff has not lost ownership of the subject property.  While the subject property was sold at a Trustee's Sale on August 3, 2010, that sale was later rescinded. As a result of Plaintiff's failure to sufficiently plead unlawful, unfair or fraudulent behaviors, Defendants' Motion to Dismiss Claim 4 alleging violation of the UCL is GRANTED WITH LEAVE TO AMEND.

5. Claim 5: Foreclosure avoidance, violation of California Civil Code § 2923.5

Plaintiff claims that she was never contacted in person or by phone to assess her financial situation and explore options to avoid foreclosure prior to the date of the Notice of Default's filing.  Defendants argue that even if Plaintiff's allegation were true, Plaintiff fails to plead damages capable of restitution.

California Civil Code § 2923.5(a)(1) provides that a notice of default may not be filed until 30 days after contact is made.  A borrower's only remedy for noncompliance with Section 2923.5 is to require more time before the sale can be completed.  Mabry

11

1  v. Superior Court, 185 Cal.App.4th 208, 231 (Cal. Ct. App. 4d

2  2010).  Here, a foreclosure sale took place but was later

3  rescinded to afford the parties an opportunity to explore loan

4  modification.  Since there is no pending foreclosure sale and

5  the Plaintiff has already been afforded the opportunity to

6  explore nonforeclosure options, the sole remedy for violation of

7  California Civil Code § 2923.5 is not applicable to the

8  Plaintiff.

9      In addition, Defendants argue that Plaintiff has not pled

10 any prejudice from the alleged defects in the foreclosure

11 process.  Technical defects in the foreclosure process do not

12 invalidate the process if the borrower is not prejudiced.  See

13 Knapp v. Doherty, 123 Cal.App.4th 76, 94 (Cal. Ct. App. 6d 2004)

14 ("the slight procedural irregularity in the service of the Sale

15 Notice did not cause any injury to [the] [b]orrowers").  Here,

16 Plaintiff has not stated how she was prejudiced or how

17 foreclosure would have been averted but for the alleged

18 deficiencies. The Court finds that any further amendment of this

19 claim would be futile. Accordingly, Defendants' motion to

20 dismiss Claim 5 alleging violation of California Civil Code §

21 2923.5 is GRANTED WITH PREJUDICE.

22      6.   Claim 6: Declaratory and Injunctive Relief

23      Plaintiff's last claim asks for declaratory and injunctive

24 relief.  Defendant argues that injunctive relief and declaratory

25 relief are remedies and not independent causes of action.

26 Plaintiff does not address Defendants' arguments but asks for leave

27 to amend.

28      "Declaratory relief is appropriate (1) when the judgment will

1    serve a useful purpose in clarifying and settling the legal

2    relations in issue, and (2) when it will terminate and afford

3    relief from the uncertainty, insecurity, and controversy giving

4    rise to the proceeding." Guerra v. Sutton, 783 F.2d 1371, 1376

5    (9th Cir. 1986) (citations omitted).

6        Plaintiff alleges that there are four issues of controversy:

7    (1) the validity of the Note and Deed of Trust; (2) BONY's interest

8    in the subject loan; (3) Quality Loan's authority to file a Notice

9    of Default on the property; and (4) the propriety of any defendant

10   foreclosing under the Deed of Trust.  The nature of the declaration

11   sought is redundant. The relief sought may be obtained under one or

12   more of the other claims alleged in the Complaint, assuming

13   Plaintiff can properly plead these claims. Declaratory relief does

14   not serve to "furnish a litigant with a second cause of action for

15   the determination of identical issues." General of America

16   Insurance Co. v. Lilly, 258 Cal.App.2d 465, 470 (Cal. Ct. App. 2d

17   1968).  Accordingly, since any further amendment would not save

18   this claim, Defendant's motion to dismiss Plaintiff's claim for

19   declaratory relief is GRANTED WITH PREJUDICE.

20       In regards to the injunctive relief claim, "it is appropriate

21   to deny an injunction where there is no showing of reasonable

22   probability of success, even though the foreclosure will create

23   irreparable harm, because there is no justification in delaying

24   that harm where, although irreparable, it is also inevitable."

25   Jessen v. Keystone Savings & Loan Ass'n., 142 Cal.App.3d 454, 459

26   (Cal. Ct. App. 4d 1983). Here, Plaintiff does not show a reasonable

27   probability of success on the merits.  Accordingly, Defendants'

28

1   motion to dismiss Plaintiff's claim for injunctive relief is also

2   GRANTED WITH PREJUDICE.

3

4       D.   Motion to Strike

5       Defendants ask the Court to strike reference to punitive

6   damages because Plaintiff has not properly pled the necessary facts

7   to obtain punitive damages.  Plaintiff, without citing any

8   authority, asks the Court not to strike its requests for punitive

9   damages.

10      A motion to strike must survive a stringent standard and

11  "should not be granted unless it is absolutely clear that the

12  matter to be stricken could have no possible bearing on the

13  litigation."  Brewer v. Indymac Bank, 609 F.Supp.2d 1104, 1113

14  (E.D. Cal. 2009).  Punitive damages are appropriate "where it is

15  proven by clear and convincing evidence that the defendant is

16  guilty of fraud, oppression or malice[.] . . ." Cal. Civ. Code

17  § 3294(a).  Plaintiff's amended complaint must allege specific acts

18  of fraud, oppression or malice that entitle her to punitive

19  damages.  If not, Defendants' request to strike the punitive

20  damages claim will be granted.  At this time, Defendants' Motion to

21  Strike punitive damages is DENIED WITHOUT PREJUDICE.

                          III. ORDER

23      For the reasons set forth above,

24      Defendants' motion to dismiss Claim 1 alleging deceit is

25  GRANTED WITH LEAVE TO AMEND.

26      Defendants' motion to dismiss Claim 2 alleging civil

27  conspiracy is GRANTED WITH LEAVE TO AMEND.

28      Defendants' motion to dismiss Claim 3 alleging negligence

1     is GRANTED WITH LEAVE TO AMEND.

2         Defendants' motion to dismiss Claim 4 alleging violation of

3     the Unfair Competition Law § 17200 is GRANTED WITH LEAVE TO

4     AMEND.

5         Defendants' motion to dismiss Claim 5 alleging violation of

6     California Civil Code § 2923.5 is GRANTED WITH PREJUDICE.

7         Defendants' motion to dismiss Claim 6 requesting

8     declaratory and injunctive relief is GRANTED WITH PREJUDICE.

9         Defendants' motion to strike is DENIED WITHOUT PREJUDICE.

10        Plaintiff shall file and serve her Amended Complaint no

11    later than twenty (20) days from the date of this Order.

12

13        IT IS SO ORDERED.

14    Dated: March 21, 2011

15                                    JOHN A. MENDEZ,
                                      UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28