UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY COBURN, | Case No. 2:10-CV-03080-JAM-KJN |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S |
| v. | FIRST AMENDED COMPLAINT |
| THE BANK OF NEW YORK MELLON, N.A.; FIRST HORIZON HOME LOAN CORPORATION; QUALITY LOAN SERVICE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES through 50, inclusive, | |
| Defendants. | |

This matter comes before the Court on Bank of New York Mellon ("BONY"), First Horizon Home Loan Corporation ("First Horizon"), Quality Loan Service Corporation ("Quality Loan"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS"), collectively ("Defendants"), Motion to Dismiss the First Amended Complaint (Doc. #16). Plaintiff Nancy Coburn ("Plaintiff") opposes the Motion (Doc. #18).[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230 (g). The hearing was scheduled for June 1, 2011.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that Defendants induced her to rely on representations for loan modifications if she defaulted on her monthly mortgage payments.

On June 23, 2005, Plaintiff entered into a home loan transaction with First Horizon for $904,000. In November 2008, Plaintiff notified First Horizon that due to a reduction in income, she would be unable to meet the terms of her loan repayment schedule. Plaintiff alleges that First Horizon informed her it would not modify her loan until she became delinquent on her monthly payments. Plaintiff hired a private company to help her modify the loan but she was unable to do so and defaulted. Quality Loan recorded a notice of Plaintiff's default under the Deed of Trust in the public records of Placer County on September 16, 2009. The property was sold on August 3, 2010, but the sale was later rescinded. After the home sale, Plaintiff claims she received a telephone call from First Horizon with an offer to reduce her loan payments to $1,500 a month. Plaintiff's attorney contacted First Horizon the following day and was told the loan modification reducing her payments to $1,500 per month was incorrect, but that Plaintiff could modify her loan for $5,100 per month.

Plaintiff filed her Complaint (Doc. #1) in the Superior Court of Placer County on October 15, 2010; it was removed to this Court on November 15, 2010. Defendants filed a Motion to Dismiss on November 22, 2010 (Doc. #7). On March 22, 2011, the Court issued an Order Granting Defendants' Motion to Dismiss ("Order") (Doc. #14). The Court gave Plaintiff leave to amend her claims alleging deceit, civil conspiracy, negligence, and unfair competition in

violation of California Business and Professions Code § 1722, et seq.,; dismissed with prejudice Plaintiff's California Civil Code § 2923.5 claim and Plaintiff's request for declaratory and injunctive relief; and denied Defendants' motion to strike without prejudice.

In the FAC, Plaintiff alleges three causes of action: (1) Deceit; (2) Negligence; and (3) Violations of Business and Professions Code § 17200, et seq.  Defendants move to dismiss the FAC.  Plaintiff opposes the Motion.

## II.  OPINION

### A.  Legal Standard

#### 1.  Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure section 12(b)(6).  In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.

Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rules of Civil Procedure § 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

 C. Claims for Relief

  1. Claim 1: Deceit

The Court granted Plaintiff leave to amend her deceit claim to include facts "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the [deceit] charged so that they can defend against the charge and not just deny that they have done anything wrong." Order at 5:23-26, citing Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).

As discussed in the Court's Order, deceit is, in essence, a fraud claim. Order at 5:9-14, citing Diaz v. Fed. Express Corp., 373 F.Supp.2d 1034, 1066-1067 (C.D. 2005) (treating a claim under § 1709 as a fraud claim). A claim of fraud must contain the following elements: (a) a misrepresentation; (b) knowledge of falsity; (c) intent to defraud; (d) justifiable reliance; and (e) resulting damage. In re Estate of Young, 160 Cal.App.4th 62, 79 (Cal.Ct.App.4d 2008). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted). See also Fed. R. Civ. P. 9(b).

Plaintiff's allegations do not state with specificity how Defendants knowingly misrepresented themselves and what is false or misleading about their statements. Plaintiff also fails to plead reliance and damages. Though Plaintiff alleges she relied on the August 11, 2010 "offer" to pay only $1,500 a month, she received clarification of the true terms of the loan modification the next day. Plaintiff could not reasonably have relied on a fact she knew to be untrue.

Plaintiff's allegations that she was harmed and suffered damages are conclusory and insufficient to support a fraud-based claim under Fed. R. Civ. P. 9(b). Plaintiff has also been given two chances to properly plead this claim. Any further amendment would be futile. Accordingly, Defendants' Motion to Dismiss the deceit claim is GRANTED WITH PREJUDICE.

Additionally, because Plaintiff's deceit claim is dismissed with prejudice, Plaintiff cannot receive punitive damages. See Cal. Civ. Code § 3294(a). Thus, Defendants' Motion to Dismiss Plaintiff's request for punitive damages is GRANTED WITH PREJUDICE.

### 2. Claim 2: Negligence

The Court's Order granted Plaintiff leave to amend her negligence claim to explain how Defendants' behavior violated a specific provision of Civil Code § 2924 and what legal duty Defendants owed her under her common law negligence claim. Order at 9:16-10:9.

Plaintiff's revised negligence claim does not cite a viable statutory violation of the nonjudicial foreclosure laws. Plaintiff alleges that Defendants had a duty to ensure that any foreclosure on the subject property was conducted according to prescribed

5

statutory procedures including Civil Code §§ 2923.5 and 2924.  In its previous Order, the Court dismissed Plaintiff's Section 2923.5 claim with prejudice because the sole remedy for a violation of Section 2923.5 is not applicable to Plaintiff and she could not possibly allege any prejudice from a technical failure to comply with the law.  See Order at 11:25-12:8.  The Section 2924 allegation also fails.  Plaintiff, despite the Court's clear direction, does not allege the particular provision violated, nor what specific conduct constituted its violation.  Therefore, the statutory negligence claim is insufficiently pled and is dismissed.  See, e.g., Kelley v. Mortgage Electronic Registration Sys., Inc., 642 F.Supp.2d 1048, 1057 (N.D.Cal. 2009) (dismissing Section 2924 claim because plaintiff failed to identify subsection of nonjudicial foreclosure statute that defendant violated); Gamble v. GMAC Mortgage Corp., No. C 08-05532, 2009 WL 400359, at *3 (N.D. Cal. Feb. 18, 2009) (same).

    Plaintiff also fails to explain how Defendants exceeded their conventional role as lender.  Though Plaintiff alleges that "Defendants owed Plaintiff a duty of care with regards to its representations about the modification of her loan," FAC at 11:1-2, as the Court explained in its previous Order, "[f]inancial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Order at 9:6-9, citing Nymark v. Heart Federal Savings & Loan Ass'n, 231 Cal.App.3d 1089, 1096 (Cal.Ct.App.3d 1991).  Plaintiff's FAC does not allege how Defendants breached their duty as lender and what actual damages she suffered as a result of the Defendants'

1 negligence.

2     As such, Plaintiff does not state a plausible claim for
3 negligence. Any further opportunity to amend this claim would be
4 futile. Accordingly, Defendant's Motion to Dismiss the negligence
5 claim is GRANTED WITH PREJUDICE.

6         3.    <u>Claim 3: Violations of Business and Professions Code
7             § 17200, et seq.</u>

8     The Court granted Plaintiff leave to amend her claim alleging
9 a violation of the California Business & Professions Code § 17200,
10 <u>et</u> <u>seq</u>. ("UCL"). The Court granted Plaintiff leave to amend to
11 explain, with particularity, the "unlawful" or "fraudulent"
12 behavior of Defendants.

13     Plaintiff's claim is identical to her original Complaint and
14 therefore fails for the same reasons. Plaintiff does not
15 sufficiently plead the deceit and negligent claims, thus she fails
16 to state an underlying unlawful action that may be borrowed to
17 support her claim for a UCL violation. <u>See</u> Order at 10:12-11:18.

18     This claim cannot be saved by amendment. Accordingly,
19 Plaintiff's UCL claim is DISMISSED WITH PREJUDICE.

20

21                            III. ORDER

22     For the reasons set forth above, Defendants' Motion to Dismiss
23 the Amended Complaint is GRANTED WITH PREJUDICE.

24     IT IS SO ORDERED.

25 Dated: August 8, 2011

26                                   JOHN A. MENDEZ,
                                  UNITED STATES DISTRICT JUDGE

27

28